UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal Case No. 15-30028-MGM |
| v. | * | |
| | * | |
| VICTOR STEPUS, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO SUPPRESS
(Dkt. No. 100)

October 28, 2016

MASTROIANNI, U.S.D.J.

The defendant, Victor Stepus, moves to suppress all evidence obtained against him related to the seizure and search of his computer which ultimately was accomplished through the Government's use of a network investigating technique ("NIT"). This technique involved the deployment of software downloaded to Defendant's computer, which then relayed information about the computer back to law enforcement. The defendant claims suppression is appropriate under 28 U.S.C. § 636(a) and Federal Rule of Criminal Procedure 41. Specifically, on August 21, 2015 FBI agents executed a search warrant and seized a computer at the home of Defendant in Chicopee, Massachusetts. This search was conducted pursuant to warrant issued by Magistrate Judge Katherine Robertson of the District of Massachusetts, however the search warrant for Defendant's home was based on information obtained under a warrant issued by a magistrate judge in the Eastern District of Virginia which was directed at a child pornography website. The warrant issued in Virginia authorized law enforcement to deploy the NIT to individuals accessing a child pornography website which was had been seized by the government. The NIT caused the computers which accessed the website, during a short window before the government shut the

website down, including Defendant's computer, to deliver data from those computers to the government-controlled server in Virginia. The delivered data included important information about each computer, including its actual IP address.[1]

Here, Defendant claims the search of his Massachusetts home and the computer removed from his home was based on information the government obtained when the NIT caused Defendant's computer to transmit data to the government-controlled server in Virginia. As a result, the evidence obtained from that search was obtained in violation of Fed. R. Crim. P. 41 and 28 U.S.C. § 636(a) because the NIT was authorized by a magistrate judge in the Eastern District of Virginia. The same type of NIT relayed information from computers all over the country causing a number of courts to weigh in on the issues raised by the use of the NIT to obtain information from computers physically located outside of Virginia. This court has reviewed many of these decisions, paying special attention to the *United States v. Levin*, Civ. No. 15-10271-WGY, __ F. Supp. 3d __, 2016 WL 2596010 (D. Mass. May 5, 2016) and *United States v. Anzalone*, Civ. No. 15-10347-PBS, 2016 WL 5339723 (D. Mass. September 9, 2016). In *Anzalone* Judge Saris provides a persuasive analysis of the issues at play in these cases.

The court rejects Defendant's argument that the warrant authorizing the NIT was issued in violation of 28 U.S.C. § 636(a). The magistrate judge may have lacked authority to issue a warrant that permitted deployment of the NIT outside of the court's district, but the warrant was not void *ab initio*. *See Anzalone*, 2016 WL 5339723 at *11; *but see Levin*, 2016 WL 2596010 at *4. The magistrate judge had authority to allow the NIT to be deployed to computers within the court's district and she signed the warrant within that district.

---

[1] The parties' memoranda include very detailed descriptions of the entire investigation of this particular child pornography website. Additionally, a thorough outline of the relevant facts is included in *United States v. Levin*, Civ. No. 15-10271-WGY, 2016 WL 2596010 (D. Mass. May 5, 2016), and the many other decisions since issued by courts around the country discussing the very subject at issue here.

Turning to the potential rules violations, this court agrees with the analysis in *Anzalone* that neither Rule 41(b)(1) or (2) are applicable to this situation and provide no support for the issuance of a warrant in the Eastern District of Virginia permitting the deployment of the NIT on a computer in Massachusetts. Given the circumstances in this case, it is arguable that Rule 41(b)(4), which authorizes magistrate judges to grant warrants for the installation of a tracking device in one district that will transmit information after moving into another district, provided authority for the warrant authorizing the NIT. *See Anzalone*, 2016 WL 5339723 at *8-*9 (describing how courts examining this issue have reached opposing conclusions as to the tracking device analysis). Having considered the facts in this case, the court finds Rule 41(b)(4) is not applicable here. The NIT was installed outside the Eastern District of Virginia when its relay reached Defendant's computer and this investigative technique goes well beyond tracking by actually searching.

While in *Anzalone* the court found the applicability of rule 41(b) was a "close call" and this court affirmatively finds the rule was violated, this court again agrees with the analysis and ruling on the good faith exception in *Anzalone*. Other courts, all examining the same issues raised in this case, have extensively discussed applicability of the good faith exception. This case will now become one of many that are put into categories of rulings to organize the central issues for ultimate resolution by the Court of Appeals. As in *Anzalone* and for the reasons articulated in that opinion at *9-*11, this court applies the good faith exception and concludes suppression is not warranted

For the reasons set forth above, it is hereby ORDERED that Defendant's motion to suppress (Dkt. No. 100) is DENIED.

It is So Ordered.

  /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI
United States District Judge